Israel G. Torres (#020303)
James E. Barton II (#023888)
Jacqueline Mendez Soto (#022597)
TORRES LAW GROUP, PLLC
2239 West Baseline Road
Tempe, Arizona 85283
(480) 588-6120
James@TheTorresFirm.com
Jacqueline@TheTorresFirm.com

*Attorneys for Plaintiff*

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| Antonio Atencia, an individual, | Case No.: |
|---|---|
| Plaintiff, | **COMPLAINT** |
| v. | |
| Maricopa County Sherriff's Office, a division of Maricopa County; Isaac Perez-Benitez, an individual; Alexander Mendez, an individual; Kenneth Holmes, an individual; Barry Roska, an individual; and Russ Skinner, an individual; | |
| Defendants. | |

Plaintiff, Antonio Atencia ("Plaintiff" or "Atencia"), by his undersigned attorneys, brings this civil action for relief, and alleges as follows:

**INTRODUCTION**

1. Plaintiff brings this action pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 1981, and 42 U.S.C. § 1983 for the sexual harassment, discrimination and retaliation committed against him by Defendants Maricopa County

Sherriff's Office ("MCSO"), Isaac Perez-Benitez ("Perez-Benitez"), Alexander Mendez ("Mendez"), Kenneth Holmes ("Holmes"), Barry Roska ("Roska"), and Russ Skinner ("Skinner") (collectively, "Defendants").

**PARTIES**

2. Plaintiff is a resident of Maricopa County, Arizona.

3. MCSO is a law enforcement agency in Maricopa County and Plaintiff's employer.

4. Perez-Benitez, Mendez, Holmes, Roska, and Skinner are and have been residents of Maricopa County and employees of MCSO at all material times.

**JURISDICTION AND VENUE**

5. This Court has jurisdiction pursuant to 28 U.S.C. § 1331, 1343(a)(4); 28 U.S.C. §§ 2201 and 2202; 42 U.S.C. §§ 1981, 1981(a) and 1983; and 42 U.S.C. § 2000e et seq, as amended by the Civil Rights Act of 1991.

6. Venue is proper in the District Court pursuant to 28 U.S.C. § 1391(c) and 42 U.S.C. § 2000-5(f)(3).

**FACTS**

**Brief History**

7. Atencia is Black and Hispanic. His ethnic and national origin is Caribbean and South American.

8. Atencia is currently employed by MCSO.

9. Atencia began his employment with MCSO on or about November 1, 2004, as a Detention Officer at the Central Intake Office at 201 S. 4th Avenue in Phoenix, Arizona.

10. On or about October 1, 2005, Atencia was transferred to the Intelligence Unit located at the 4th Avenue Jail.

11. On or about May 20, 2006, Atencia was transferred to the Arizona State Gang Task Force.

12. In or about August 2016, Atencia was transferred to the Medical Services Division at the Lower Buckeye Jail, which is his current assignment.

**Harassment and Discrimination**

13. From on or about June 2014 through September 2015, officers Defendant Perez-Benitez, Defendant Mendez, and Tomas Hernandez ("Hernandez"), sexually harassed Atencia and engaged in discrimination and retaliation against him because of his race, ethnicity and national origin. Specifically:

    a. Perez-Benitez texted images to Atencia comparing him to primates, such as monkeys dressed in military attire to depict Atencia in the military; statements such as "Nigga you gay" and "Whatchusay Niggayougay"; photos of a Hawaiian man dancing with the comment "Wat u doing in Hawaii"; a photo of a man with the comment "I don't always punch fat hairy Cubans"; and additional text messages with comments as "don't forget to call me soplavelas" (translated as 'cum blower') and "you make me want to punch a cuban. [sic]"

3

        b.       Perez-Benitez stated that Antonio's mother's could not have been a judge because Cubans were uneducated.

        c.       Mendez sent texts to Atencia calling him a "bitch", "faggot" and "nigger".

        d.       Hernandez made statements to Atencia that Black people smell bad and other similar racist epithets.

14. These three individuals threatened Atencia with retaliation if he complained, telling him that "we can remove whoever we want."

## First EEOC Charge 1

15. On or about August 21, 2016, Atencia filed a charge with the Equal Employment Opportunity Commission ("EEOC") for the sexual harassment and race, ethnic, and national origin discrimination that the MCSO officers engaged in ("EEOC Charge 1").

16. The EEOC Charge 1 was dismissed based on the statute of limitations.

## Internal Harassment and Discrimination Complaint and Continued Retaliation

17. On or about January 5, 2017, Atencia submitted an internal complaint to MCSO for abuse of authority, hostile work environment and retaliation, among other charges, for the racist and sexually harassing messages sent by Perez-Benitez and Mendez ("Internal Complaint").

18. Atencia met with Sergeants Edwin Maxwell ("Maxwell") and Joe Garcia ("Garcia") during the investigation of his Internal Complaint.

19. In that meeting, Maxwell and Garcia took a copy of the EEOC Charge 1 that Atencia had in his possession.

20. On April 25, 2017, McNamara informed Atencia that he investigated the Internal Complaint and found Perez-Benitez and Mendez's conduct to be severe and pervasive.

21. McNamara issued his investigation report to Compliance Commander Kenneth Holmes ("Holmes").

22. Holmes recommended that the following discipline be issued for the 16-month long harassment and discrimination engaged in by Perez-Benitez and Mendez:

    Perez-Benitez: one day suspension

    Mendez: written reprimand.

23. However, Holmes also recommended discipline against Atencia pursuant to Atencia's Internal Complaint. Holmes' reason for issuing discipline to Atencia was for his unprofessional response to the offensive texts from Perez-Benitez and Mendez.

24. On August 17, 2017, pursuant to Holmes' recommendation, Atencia was issued an eight (8) hour suspension ("2017 Discipline").

**Maricopa County Employee Merit System Proceeding**

25. Atencia was compelled to appeal such arbitrary and retaliatory discipline imposed pursuant to Holmes' recommendation ("Discipline Appeal").

26. A hearing officer for the Commission heard the Discipline Appeal on October 9, 2017.

27. On October 18, 2017, the hearing officer issued his Findings of Fact, Conclusions of Law and Recommendation ("the Hearing Officer's Report").

28. The Hearing Officer found, in relevant part, the following:

   a. MCSO deviated from its disciplinary matrix when disciplining Atencia for his response to Perez-Benitez's racists and sexually harassing messages.

   b. Atencia's remarks to Perez-Benitez "within the context of repeated insulting, demeaning, and derogatory comments made to him in text messages sent by Sgt. Perez, does not constitute grounds on which to discipline [Atencia.]"

   c. MCSO failed to prove just cause for disciplining Atencia.

   d. Suspending Atencia was an arbitrary action for his single response to Perez-Benitez's "numerous, serious, and depraved text messages and photos [to Atencia.]"

   e. Atencia's suspension was not supported by the greater weight of the evidence.

29. The Hearing Officer recommended granting Atencia's appeal and rescinding the 8 hour suspension.

30. On December 11, 2017, the Commission unanimously adopted the Hearing Officer Report and ordered Atencia's 2017 Reprimand be rescinded and that he be made whole for lost wages.

**Application for Promotion**

31. On or about August 10, 2017, while the investigation of Atencia's Internal Complaint was in process, Atencia applied to sit for the sergeant's examination ("Promotion Exam").

32. Only seven days after Atencia applied for the Promotion Exam, MCSO issued him the 2017 Discipline discussed above.

33. On October 27, 2017, Atencia was placed on the "eligible list" for promotion by earning a qualifying score on the Promotion Exam.

34. Atencia's number on the eligibility list for promotion to sergeant was 26 out of approximately 67 individuals on the eligibility list.

35. By June 2018, Atencia was the next person on the eligibility list to be promoted.

36. On or about June 26, 2018, Defendant Chief Roska informed Atencia that he was not eligible for promotion.

37. Roska stated that he and Chief Deputy Russ Skinner ("Skinner") made the decision to deny Atencia the promotion.

38. Roska used the 2017 Discipline, which was rescinded by the Commission, as the reason to deny Atencia's promotion.

39. In effect, Roska relied on a non-existent discipline to deny Atencia the promotion.

40. Upon information and belief, other individuals on the eligibility list who had discipline on their record were promoted.

**Second EEOC Charge**

41. On September 5, 2018, Atencia filed a charge of retaliation with the EEOC for the denial of his promotion.

42. On September 25, 2019, the EEOC issued a right to sue letter to Atencia.

43. This Complaint ensued.

44. Defendants sexually harassed Atencia, discriminated against him because of his race, ethnic, and national origin, and retaliated against him for asserting his rights against such unlawful actions.

## FIRST CLAIM FOR RELIEF

### Discrimination under Title VII of the Civil Rights Act

45. Plaintiff incorporates the allegations set forth above as though fully set forth herein.

46. Title VII of the Civil Rights Act prohibits discrimination against a person on the basis of sex, race, color and national origin.

47. By the conduct described above, Defendant MCSO engaged in unlawful employment practices and discriminated against Plaintiff because of his sex, race, color and national origin in violation of Title VII of the Civil Rights Act.

48. As a result of Defendant MCSO's unlawful discrimination, Plaintiff has suffered and continues to suffer damages.

## SECOND CLAIM FOR RELIEF

### Retaliation under Title VII of the Civil Rights Act

49. Plaintiff incorporates the allegations set forth above as though fully set forth herein.

8

50. Title VII makes it illegal to retaliate against a person because the person complained about the discrimination or filed a charge of discrimination.

51. The foregoing actions of Defendant MCSO constitute retaliation against Plaintiff in violation of Title VII of the Civil Rights Act of 1964.

52. The retaliation described above was based on Plaintiff's exercise of his rights protected by law to resist and oppose discrimination and harassment on the basis of his sex, race, color and national origin by seeking redress through the Equal Employment Opportunity Commission and internal employment procedures.

### THIRD CLAIM FOR RELIEF

### Violation of Equal Protection, 42 U.S.C. § 1983

53. Plaintiff incorporates the allegations set forth above as though fully set forth herein.

54. As a public employee, Plaintiff has a constitutionally protected interest in his employment and advancement therein.

55. The acts of discrimination and retaliation committed by all Defendants described above constitute violations of Plaintiff's rights.

56. Defendants acted under color of state.

57. Defendants conduct was objectively unreasonable and undertaken intentionally with malice, willfulness and reckless indifference to the rights of other.

58. The acts described above have caused damages to Plaintiff, and if not enjoined, will continue to cause damage to Plaintiff.

59. Plaintiff seeks declaratory relief, and nominal and compensatory damages against Defendants.

60. Plaintiff seeks punitive damages against the individual Defendants in their individual capacities.

## FOURTH CLAIM FOR RELIEF

### Violation of 42 U.S.C. § 1981

61. Plaintiff incorporates the allegations set forth above as though fully set forth herein.

62. Section 1981 affords all persons within the jurisdiction of the United States equal rights and benefits of all laws and proceedings.

63. By the conduct described above, Defendants intentionally deprived Plaintiff the same rights as are enjoyed by white citizens to the performance, enjoyment, and all benefits and privileges of their employment with MCSO, in violation of § 1981.

64. As a result of Defendants' race and ethnic discrimination, Plaintiff has been denied employment opportunities providing substantial compensation and benefits, for which he is entitled to injunctive and equitable monetary relief.

65. As a result of Defendants' race and ethnic discrimination, Plaintiff has also suffered humiliation, distress, inconvenience, and loss of enjoyment of life, for which he is entitled to compensatory damages.

66. Defendants have acted with malice or reckless indifference to the rights of Plaintiff, thereby entitling him to an award of punitive damages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Antonio Atencia, respectfully requests that this Court enter judgment against Defendants and provide the following relief:

    a.    Award actual damages, including appropriate amounts of back pay and front pay and the money lost from the failure to promote.

    b.    Award compensatory damages for the sexual harassment and race and national origin discrimination inflicted on him by Defendants.

    c.    Award compensatory damages for the humiliation, distress, and loss of enjoyment of life that Plaintiff has suffered as a result of the discrimination and retaliation.

    d.    Award punitive damages for the malice or reckless indifference exhibited by Defendants against Plaintiff.

    e.    Issue declaratory judgment finding that Defendants have violated Plaintiff's rights under §§ 1981 and 1983.

    f.    Issue a preliminary and permanent injunction pursuant to §§ 1981 and 1983 against MCSO, its officers, agents, and employees from engaging in the discriminatory employment practices alleged in this Complaint.

    g.    Award costs and reasonable attorneys' fees pursuant to 42 USCA § 1988(b).

    h.    Grant any and all appropriate relief, which the Court deems necessary and appropriate.

**DEMAND FOR JURY TRIAL**

1       Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff demands a

2 trial by jury in this action of all issues so triable.

3

4                               DATED this 18th of December, 2019

5

6                               */s/ James E. Barton II*

7                               _____

                                James E. Barton II

8                                 Jacqueline Mendez Soto