**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Antonio Atencia, | No. CV-19-05855-PHX-JJT |
| Plaintiff, | **ORDER** |
| v. | |
| Maricopa County Sheriff's Office, *et al.*, | |
| Defendants. | |

At issue is Defendants Isaac Perez-Benitez and Alexander Mendez's Motion to Dismiss Plaintiff's First Amended Complaint (Doc. 23, Mot.) to which Plaintiff filed a Response (Doc. 29, Resp.) and Defendants filed a Reply (Doc. 30, Reply). For the following reasons, the Court grants Defendants' Motion.

**I.     BACKGROUND**

The following facts from Plaintiff's First Amended Complaint (Doc. 10, "FAC") are taken as true for purposes of resolving Defendants' Motion. Plaintiff has been a detention officer for Defendant Maricopa County Sheriff's Office ("MCSO") since 2004. (FAC ¶¶ 16–17.) He is Black and Hispanic, and his ethnic and national origin is Caribbean and South American. (FAC ¶ 15.) Defendants Perez-Benitez and Mendez are, and were at all relevant times, also officers for MCSO.

Plaintiff alleges that from about June 2014 through September 2015, Perez-Benitez, Mendez, and nonparty Tomas Hernandez harassed and discriminated against Plaintiff because of his color, race, ethnicity and national origin. Much of the harassment took the

form of derogatory comments and text messages employing racial slurs and stereotypes. (*See* FAC ¶ 21.) They also allegedly threatened to retaliate against Plaintiff if he complained of the harassment. On October 29, 2015, Defendant Bone placed Plaintiff under investigation after Perez-Benitez, Mendez, and Hernandez allegedly falsely accused Plaintiff of communicating with an inmate. (FAC ¶ 24.) Five months later, in March 2016, Bone issued a reprimand to Plaintiff based on these allegations. Defendant Marchand eventually suspended Plaintiff without pay for 16 hours in August 2016 ("2016 Discipline") as a result of the investigation—a decision Plaintiff appealed to the Maricopa County Merit System Commission ("Commission"). (FAC ¶ 21.) Before the Commission could render a decision, MCSO rescinded its disciplinary decision and issued a letter of reprimand in its place. (FAC ¶¶ 25–28.) Plaintiff alleges this mooted his appeal and the Commission closed the case without rendering a decision on his 2016 Discipline.

On or about January 5, 2017, Plaintiff submitted an internal complaint to MCSO based on the messages sent by Perez-Benitez, Mendez, and Hernandez ("Internal Complaint"). (FAC ¶ 35.) Eventually, as a result of the Internal Complaint and ensuing investigation, Defendant Holmes issued a one-day suspension to Perez-Benitez and a written reprimand to Mendez. Holmes also issued Plaintiff an eight-hour suspension on August 17, 2017 ("2017 Discipline") based on Plaintiff's alleged unprofessional response to Perez-Benitez and Mendez's text messages. (FAC ¶¶ 40–41.)

Plaintiff appealed the 2017 Discipline to the Commission. After a hearing held in October 2017, the hearing officer concluded, *inter alia*, Plaintiff's suspension "was not supported by the greater weight of the evidence" and recommended Plaintiff's 2017 Discipline be rescinded. (FAC ¶¶ 46–47.) The Commission unanimously adopted the hearing officer's report in December and ordered Plaintiff's 2017 Discipline be rescinded and that he be made whole for lost wages. (FAC ¶ 48.)

On August 10, 2017, while the investigation of Plaintiff's Internal Complaint was in process, Plaintiff applied to sit for the sergeant's exam. (FAC ¶ 49.) Seven days later, MCSO issued him the 2017 Discipline discussed above. In October of that year Plaintiff

was placed on the eligibility list for promotion based on his test scores. By June 2018, he was the next person on the list to be promoted. However, Plaintiff was informed on June 26, 2018 that he was not eligible. (FAC ¶ 55.) The decisionmakers, Defendants Roska and Skinner, cited both the 2017 Discipline—which had been reversed by the Commission and rescinded—and the 2016 Discipline—which had been unilaterally rescinded by MCSO while the appeal to the Commission was pending—as bases for denying Plaintiff the promotion. (FAC ¶¶ 56–57.)

Plaintiff filed charges of discrimination based on color and national origin and retaliation with the Equal Employment Opportunity Commission ("EEOC ") for the denial of his promotion. The EEOC eventually issued a right to sue letter and this action followed. Plaintiff alleges four claims: (1) discrimination and (2) retaliation under Title VII of the Civil Rights Act of 1964 against Defendants MCSO and Maricopa County Sheriff Paul Penzone; (3) violations of Equal Protection and Title VII against Defendants Roska and Skinner; and (4) violations of 42 U.S.C. § 1981 against all Defendants. (*See* FAC at 13–18.) Defendants Perez-Benitez and Mendez now move to dismiss the only claim against them, a violation of 42 U.S.C. § 1981, on statute of limitations grounds.

**II.     LEGAL STANDARD**

Federal Rule of Civil Procedure 12(b)(6) is designed to "test[] the legal sufficiency of a claim." *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). A dismissal under Rule 12(b)(6) for failure to state a claim can be based on either (1) the lack of a cognizable legal theory or (2) insufficient facts to support a cognizable legal claim. *Balistreri v. Pacifica Police Dep't,* 901 F.2d 696, 699 (9th Cir. 1990). When analyzing a complaint under Rule 12(b)(6), the well-pled factual allegations are taken as true and construed in the light most favorable to the nonmoving party. *Cousins v. Lockyer*, 568 F.3d 1063, 1067 (9th Cir. 2009). Legal conclusions couched as factual allegations are not entitled to the assumption of truth, *Ashcroft v. Iqbal*, 556 U.S. 662, 680 (2009), and therefore are insufficient to defeat a motion to dismiss for failure to state a claim, *In re Cutera Sec. Litig.*, 610 F.3d 1103, 1108 (9th Cir. 2010). On a Rule 12(b)(6) motion, Rule 8(a) governs and requires that, to avoid

1  dismissal of a claim, Plaintiffs must allege "enough facts to state a claim to relief that is
2  plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

3  **III.     ANALYSIS**

4        The parties agree Plaintiff's claim under § 1981 is subject to a four-year statute of
5  limitations. (Mot. at 3; Resp. at 4.) *See Jones v. R.R. Donnelley & Sons*, 541 U.S. 369, 382–
6  83 (2004) (holding that claims alleging post-contractual discrimination under § 1981, as
7  amended by the Civil Rights Act of 1991, are governed by the four-year "catchall"
8  limitations period found in 28 U.S.C. § 1658). In their Motion, Perez-Benitez and Mendez
9  argue Plaintiff's claim must be dismissed against them because the harassing activity
10 occurred between June 2014 and September 2015, and this action was not filed until
11 December 2019. (Mot. at 3, citing FAC ¶¶ 21, 40.)

12       Plaintiff responds that the harassment itself does not form the basis of his claim
13 against Perez-Benitez and Mendez. Rather, the § 1981 claim is grounded in a theory that
14 Defendants conspired to cause Plaintiff's later adverse employment actions. In essence,
15 their harassment supplied the catalyst to what ultimately culminated in his promotion
16 denial in June 2018. (FAC ¶ 92; Resp. at 2.)

17       Plaintiff cites two theories he suggests make his claim against Perez-Benitez and
18 Mendez timely. The first is the discovery rule, which the Ninth Circuit applies to determine
19 the date of accrual of a federal civil rights claim. *See Lukovsky v. City & Cty. of San*
20 *Francisco*, 535 F.3d 1044, 1048 (9th Cir. 2008). A claim accrues "when the plaintiff knows
21 or has reason to know of the injury which is the basis of the action." *Bird v. Dep't of Human*
22 *Servs.*, 935 F.3d 738, 743 (9th Cir. 2019) (quoting *Morales v. City of Los Angeles*, 214
23 F.3d 1151, 1153–54 (9th Cir. 2000)). Plaintiff contends the promotion denial is the injury.
24 (Resp. at 5.) He first learned of it in June 2018, making his claim timely.

25       Defendants reply that if the promotion denial is the basis for the § 1981 claim,
26 Plaintiff fails to state a claim against Perez-Benitez and Mendez. (Reply at 2–3.) The Court
27 agrees. Aside from a single conclusory statement about conspiring with other Defendants,
28 (*see* FAC ¶ 92.a.), the only facts alleged against Perez-Benitez and Mendez was their

harassing conduct from June 2014 to September 2015 and their false accusation that Plaintiff was communicating with an inmate, made sometime before October 29, 2015. (FAC ¶¶ 21–25.) Plaintiff does not allege Perez-Benitez and Mendez had the power or authority, or exercised the same, over the decisions to discipline or deny Plaintiff a promotion. Indeed, Plaintiff's 2016 Discipline, 2017 Discipline, and promotion denial were all carried out specifically by MCSO and Plaintiff's superiors—Defendants Holmes, Marchand, Bone, Roska and Skinner—not by Perez-Benitez and Mendez. (*See* FAC ¶¶ 25, 27, 30, 40–42, 50, 54–58.) Plaintiff cites no case law or support for the theory that Perez-Benitez and Mendez may be liable for employment decisions made by other people months or years after their own actions. Accordingly, the FAC fails to state a claim against Perez-Benitez and Mendez for Plaintiff's promotion denial.[1]

Plaintiff also alludes to the continuing violations doctrine, (*see* Resp. at 6), an "exception to the discovery rule of accrual" that permits a plaintiff to seek relief for events outside of the limitations period. *Bird*, 935 F.3d at 746. The doctrine appears to be most frequently invoked in Title VII hostile work environment claims, but "applies with equal force to . . . actions arising under other civil rights laws." *Cherosky v. Henderson*, 330 F.3d 1243, 1246 n.3 (9th Cir. 2003). However, as the Ninth Circuit recently stated, little remains of the doctrine in this circuit today. *Bird*, 935 F.3d at 748.

Formerly, a plaintiff in the Ninth Circuit could utilize the continuing violations doctrine in two ways: he could either allege that he was subject to an employer's systemic discriminatory policy or that he suffered a series of related discriminatory events. *See Morgan v. Nat'l R.R. Passenger Corp.,* 232 F.3d 1008, 1015 (9th Cir. 2000), *aff'd in part, rev'd in part*, 536 U.S. 101 (2002). However, the Supreme Court rejected the latter theory—termed the "serial violations" approach—as it applied to "discrete" discriminatory actions, such as termination, failure to promote, denial of transfer, or refusal to hire. *Morgan*, 536 U.S. at 113–14. It held the discrete acts are not actionable unless brought

---

[1] At most, the promotion denial would constitute a "continuing impact" from Perez-Benitez and Mendez's past actions. The continuing effects of a part harm are not actionable where, as here, the past violation—the racial harassment—is time-barred. *See Williams v. Owens-Illinois, Inc.*, 665 F.2d 918, 924 (9th Cir. 1982).

within their own limitations period, even if the untimely acts were "plausibly or sufficiently related" to timely discriminatory acts. *Id.*

The Supreme Court in *Morgan* also differentiated the discrete acts from a hostile work environment claim, which is composed of many separate acts that work to severely alter the work environment. Because of its continuous and permeating nature, a hostile work environment claim can consist of some acts that fall outside the limitations period. So long as one act contributing to the claim occurs within the filing period, the entire time period of the hostile environment may be considered by a court. *Id.* at 117.

Here, Plaintiff does not assert the existence of a systemic discriminatory policy, the first subset of the continuing violations doctrine. Even if he did, the Ninth Circuit has "consistently refused to apply the systematic branch to rescue individualized claims that are otherwise time-barred." *Bird*, 935 F.3d at 748. Nor does Plaintiff assert a hostile work environment claim against Perez-Benitez or Mendez.[2] And if he had, such a claim would be untimely because the harassing messages and racial epithets lasted only until September 2015. This leaves only the discrete serial acts avenue, which the Ninth Circuit recently characterized as "virtually non-existent." *Id.* As just explained, a discrete discriminatory act falling outside of the limitations period is time-barred. Thus, Perez-Benitez or Mendez's earlier actions cannot be tacked on to later events to make them timely. *See Morgan* 536 U.S. at 113. Accordingly, the Court concludes the continuing violations doctrine does not apply to Plaintiff's claim against Perez-Benitez and Mendez.

Plaintiff fails to allege sufficient facts to show Perez-Benitez and Mendez are liable for Plaintiff's superiors' later decision deny him a promotion. Accordingly, he fails to state a claim against them. Given the nature of Perez-Benitez and Mendez's alleged actions and their position as peers, rather than superiors, of Plaintiff, the Court is skeptical that Plaintiff can plausibly allege a claim against them under 42 U.S.C. § 1981 for the promotion denial. Nonetheless, the Court will permit Plaintiff to amend the FAC. Plaintiff shall only file an amendment if it will cure the defects in the FAC. Failure to cure will result in dismissal of

---

[2] For this reason, Plaintiff's singular case citation to *Foster v. State*, 23 F. App'x. 731, 733 (9th Cir. 2001), is inapposite.

Plaintiff's claim against Perez-Benitez and Mendez with prejudice. To the extent the claim against Perez-Benitez and Mendez attempts to invoke lability for their actions preceding the limitations period, it is untimely for the reasons set forth in this Order.

**IT IS THEREFORE ORDERED** granting Defendant Isaac Perez-Benitez and Alexander Mendez's Motion to Dismiss Plaintiff's First Amended Complaint (Doc. 23). Plaintiff has 14 days from this Order to file a Second Amended Complaint. If Plaintiff fails to cure the defects, the Court will dismiss his claims against Perez-Benitez and Mendez with prejudice.

Dated this 10th day of July, 2020.

Honorable John J. Tuchi
United States District Judge